EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* SERGIO
DE JESÚS LÓPEZ, acusado y apelante.

Núm. 7709.—*Sometido:* Julio 3, 1939. *Resuelto:* Julio 14, 1939.

*Juan Lastra,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

La denuncia, base de esta causa, imputaba al acusado una infracción a la Orden Final de la Comisión de Servicio Público de enero 4, 1938, aprobada por el Gobernador en enero 7, 1938, y publicada de acuerdo con la ley, consistente en haber actuado el chófer acusado "como porteador público transportando pasajeros por asiento en dicho vehículo en la ruta San Juan a Sunoco."

Se permitió una enmienda a la denuncia y celebrado el nuevo juicio que ordena la ley en la corte de distrito, el acusado fué condenado a pagar una multa de cincuenta dólares. No conforme apeló señalando en su alegato la comisión de los siguientes errores: 1, al permitir que la denuncia se enmendara; 2, al no admitir como evidencia el permiso expedido por la Comisión de Servicio Público al acusado para transportar pasajeros en la ruta de Humacao a San Juan; y 3, al apreciar la prueba.

Lo ocurrido con respecto a la excepción perentoria y a la enmienda según los autos fué así:

"Leída la denuncia la defensa excepcionó la misma por el fundamento de que no dice de dónde a dónde cogió el pasajero, sino que dice 'en la ruta de San Juan a Sunoco.'

"JUEZ: Aquí se dice que transportaba pasajeros por asiento en la ruta de San Juan a Sunoco, y la Corte toma conocimiento judicial de que Sunoco está dentro del municipio de San Juan. Habría que añadirle 'en el municipio de San Juan.' La Corte va a declarar con lugar la excepción perentoria, pero permite al Fiscal que enmiende la denuncia en el sentido de que añada después de 'en la ruta de San Juan a Sunoco,' 'en el municipio de San Juan, P. R.' Que el Secretario le tome juramento al Policía para que jure la denuncia en la forma enmendada.

"Defensa: Nosotros hacemos constar que en este momento el Fiscal no puede enmendar la denuncia, puesto que ésta es una denuncia que se originó en la Corte Municipal.

"Juez: La Corte cree que se puede enmendar la denuncia.

"Defensa: Tomamos excepción.

"Juez: Haga constar que el Policía denunciante jura la denuncia en la forma enmendada."

Impugnando el señalamiento se expresa el fiscal en su alegato, con razón a nuestro juicio, como sigue:

"Como verá este Hon. Tribunal, en este caso, a diferencia del de Pablo Matos Correa, Núm. 7787, resuelto en junio 24 corriente, la denuncia originaria que sirvió de base al proceso en la corte municipal es, a nuestro juicio, bastante para establecer hechos suficientes para determinar la infracción a la orden de la Comisión de Servicio Público que en la misma se alega infringida. Y siendo esto así, la enmienda permitida por la corte inferior, consistente en la adición de la frase 'en el municipio de San Juan, Puerto Rico' después de 'la ruta de San Juan a Sunoco', no es una enmienda de fondo o substancial. Más aún, creemos que dicha enmienda era absolutamente innecesaria, toda vez que en nada alteraba, cambiaba o modificaba la denuncia básica haciéndola en alguna forma mejor, por la sencilla razón de que tanto la corte municipal en donde se vió originariamente el caso, como la corte inferior que conoció del mismo en grado de apelación, tenían conocimiento judicial de que la ruta de San Juan a Sunoco está comprendida dentro del municipio de San Juan . . .

"Por tanto, entendemos que al resolver el juez de la corte inferior con lugar la llamada por él 'excepción perentoria' y continuar el juicio con la denuncia enmendada en la forma en que él lo ordenó, no hizo prácticamente sino continuar con el juicio con la misma denuncia que sirvió de base al proceso en la corte municipal, toda vez que, como antes decimos, la enmienda no introdujo cambios ni alteraciones en la misma que pudieran convertir en una nueva o mejorar la que había venido de la corte municipal a la corte de distrito."

■■ No hubo error. El incidente que sirvió de base al segundo señalamiento consta de los autos como sigue:

"Defensa: Presentamos un permiso de la Comisión de Servicio Público creditivo de que el acusado tiene permiso para transportar pasajeros.

"Fiscal: Me opongo por ser inmaterial ese certificado.

"JUEZ: Es inmaterial. Este permiso dice que el acusado puede traficar en la ruta de Humacao a San Juan, pero no dentro del municipio de San Juan, que es lo que investigamos aquí."

En primer lugar no aparece que el acusado tomara excepción, y en segundo lugar aunque la hubiera tomado el fundamento expuesto por el juez sería suficiente para sostener su resolución. No importa que el acusado estuviéra autorizado para transportar pasajeros por otras rutas. Lo que hubiera importado era una autorización para transportarlos en la ruta San Juan–Sunoco. La evidencia carecía, pues, de materialidad. No hubo error.

█ Tampoco fué cometido el tercero y último de los errores señalados, o sea el que se refiere a la apreciación de la prueba.

La evidencia de una y otra parte fué contradictoria. Creída la de la defensa que tendió a demostrar que se trataba de un transporte de pasajeros entre San Juan y Guaynabo, procedería la absolución del acusado, pero creída la del Pueblo que consistió en la declaración no excepcionada del Policía Abad González, hay base suficiente para la sentencia condenatoria dictada ya que según el policía los dos pasajeros que tomó en el auto que guiaba el acusado en una de las esquinas de una de las calles de San Juan le manifestaron uno que iba para Santurce y el otro para Sunoco, o sea dentro de la ruta por la cual le estaba prohibido al acusado operar como porteador público de pasajeros, y la corte dirimió el conflicto en favor de la prueba de cargo, sin que se haya demostrado que actuara movida por pasión, prejuicio o parcialidad o que cometiera error manifiesto alguno.

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*

El Juez Asociado Sr. Travieso no intervino.